**Vanessa Fantasia, ESQ., State Bar No. 337627**
**DOWNTOWN L.A. LAW GROUP**
910 S Broadway, Los Angeles,
California 90015
Tel: (213)389-3765
Fax: (877)389-2775
Email: Vanessa.Fantasia@downtownlalaw.com

Attorneys for Plaintiff,
Justin Edwards

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN EDWARDS, an individual. <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, a North Carolina corporation; JIMMY DOE, an individual; and DOES 1-25, inclusive. <br><br> Defendants. | Case No.: 1:23-CV-00363-ADA-BAM <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND MEMORANDUM AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: 9/11/2023 <br> Time: 1:30 p.m. <br> Officer: Ana De Alba <br> Courtroom: 1, 8th Floor |

## NOTICE

PLEASE TAKE NOTICE THAT on September 11, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-titled Court, Plaintiff, JUSTIN EDWARDS ("EDWARDS" or "Plaintiff"), will and hereby does move this

---

**1**
PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND
MEMORANDUM AND AUTHORITIES IN SUPPORT THEREOF

Court for leave to file its proposed Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 15(a)(2). The FAC is marked as Attachment A to this filing. The SAC differs from the original First Amended Complaint as follows:

1. Remove fictious Defendant JIMMY DOE;

2. Add MICHAEL STAFFORD as DOE 1.

This is Plaintiff's first request for leave to amend his Complaint. Defendant has not stipulated to allow Plaintiff leave to amend his Complaint, necessitating this filing. As set forth below, the FAC removes JIMMY DOE and adds MICHAEL STAFFORD as DOE 1. Upon information and belief, Plaintiff misremembered the name of the LOWE'S HOME CENTERS, LLC employee and believes the actual name is MICHAEL STAFFORD, not "Jimmy." The discovery of Defendant LOWE'S HOME CENTERS, LLC identified MICHAEL STAFFORD as the Store Manager of the Subject Store on the date of the incident.

The motion is timely. Filing the proposed FAC (Exhibit 2) will not cause any undue delay because this case is in an early stage of litigation. Moreover, the proposed amendments will not unduly prejudice named defendants or proposed defendant MICHAEL STAFFORD.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.    BACKGROUND**

On November 12, 2021, Plaintiff filed the instant action in the Superior Court of California County of Tulare. Defendant LOWE'S HOME CENTERS, LLC filed its answer in State court on August 24, 2022. On March 10, 2023, Defendant LOWE'S

HOME CENTERS, LLC removed this matter to the United States District Court of California for the Eastern District.

As part of its responses to discovery (Exhibits 3, 4), defendant LOWE'S HOME CENTERS, LLC identified the Store Manager of the location where the incident happened.  Upon information and belief, Plaintiff seeks to add MICHAEL STAFFORD as DOE 1 as it is believed Mr. Stafford is the proper identity of the party named as "JIMMY" Doe in Plaintiff's original Complaint.

Plaintiff also concurrently moves to remand this matter back to State court on the basis that Mr. Stafford is a resident of the State of California and, as such, diversity is improper.  And also, on the grounds that defendant did not meet its burden in establishing the jurisdictional minimum of $75,000 was met to remove this matter in the first place.

## II.     LEGAL STANDARD

Plaintiff requests leave to file the SAC pursuant to Federal Rule 15(a), which provides that the Court "should freely give leave when justice so requires." F.R.C.P. 15(a)(2).  The U.S. Court of Appeals for the Ninth Circuit has stated that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  Indeed, the Ninth Circuit has held that a district court should resolve a motion to amend "with all inferences in favor of granting the motion." Griggs v. Pave Am. Grp., 170 F.3d 877, 880 (9th Cir. 1987). Courts consider four factors in determining the propriety of a motion to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, or (4) futility of the amendments. Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that prejudice to the opposing party is the strongest factor and that absent prejudice, or "a strong showing" of the other factors, a "presumption" exists in favor of granting the leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). This liberal standard applies to amending parties as well as causes of action. Leighton, 833 F.2d at186.

## III. ARGUMENT

The Plaintiff readily qualifies for leave to amend his complaint. The proposed FAC is filed in good faith, is timely, will not cause undue prejudice to defendants or the added parties, and is clearly not futile.

### A. The Proposed FAC is Filed in Good Faith

The Plaintiff brings this motion for leave to amend in good faith, and not for purposes of delay or to avoid an adverse judgment. There are no facts in the record indicating this motion has been filed in bad faith.

### B. Plaintiff's Motion is Timely and Will Not Cause Undue Delay

The motion is timely filed and will not cause undue delay. Indeed, the Ninth Circuit has held that it is an abuse of discretion to deny a motion to amend on the ground of delay only even five years after the filing of a complaint. See Leighton, 833 F.2d at 187. By comparison, Plaintiff is filing this motion before the parties have commenced discovery and while preliminary jurisdictional motions are still pending. The reasonably prompt filing negates any suggestion of undue delay and facilitates efficient discovery and proceedings in this case.

### C. The Proposed SAC Will Not Prejudice Defendants

Acknowledging that avoiding prejudice should be a "major objective" for the Court in ruling on motions to amend, the proposed SAC will not prejudice defendants. Leighton, 833 F.2d at 187. Avoiding such "unjust delay" is important in deciding motion for leave to amend a pleading. Leighton, 833 F.2d at 187-188. However, timely notice, whether formal or informal, is sufficient to allay such concerns. Korn, 724 F.2d at 1400.

Here, there is no unjust delay, and thus no prejudice to defendant or proposed defendant. The proposed defendant is aware of this lawsuit as he is the employee of Defendant LOWES who provided discovery responses identifying Mr. Stafford as the store manager of the store in question and that no one named "Jimmy" worked at the store at the time of the Incident. Plaintiff believes that MICHEAL STAFFORD is the

proper name of JIMMY Doe. In any event, defendant admits to MICHEAL STAFFORD being the store manager of the store in question where the incident occurred and as such, would be responsible for the safety of patrons of the store, management of the store's condition, and other things which make naming him as a DOE defendant appropriate.

### D.  Filing Proposed FAC is Not Futile

To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur,, 701 F.2d 1276, 1293 (9th Cir. 1983). Otherwise, a plaintiff "ought to be afforded an opportunity to test [its] claim on the merits." Leighton, 833 F.2d at 188. Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself. Cal. Code. Civ Pro. § 1714 (a). Here, the allegations made in the proposed SAC against DOE 2 MICHEAL STAFFORD demonstrate personal liability. As such, Plaintiff does not bring this motion merely in an attempt to defeat diversity, there is sound basis in reason, logic, and law for adding the new defendant.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Leave to File his Second Amended Complaint.

DATED: August 18, 2023                           **DOWNTOWN L.A. LAW GROUP**

_____
Vanessa Fantasia, Esq
Attorney for Plaintiff
Justin Edwards

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 1:23-cv-00363-KES-BAM   Document 16   Filed 08/18/23   Page 7 of 7